# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| AARON B. SCRUGGS, | ) |
| Petitioner | ) ) ) |
| v. | ) No. 3:05cv0630 AS |
| BRUCE JORDON, | ) ) ) |
| Respondent | ) ) |

## *MEMORANDUM OPINION AND ORDER*

On or about October 4, 2005, *pro se* petitioner, Aaron B. Scruggs, an inmate at the Westville Correctional Facility (WCF) in Westville, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response including a brief and affidavit, filed on behalf of the respondent by the Attorney General of Indiana on February 10, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on February 28, 2006, which this Court has carefully examined. The Attorney General has placed before this Court a series of documents designated A through P9, both inclusive, which explicate in great detail the proceedings involved.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the WCF in this district. He was the subject of a Conduct Adjustment Board proceeding entitled cause number WCC 05-06-0170. Sanctions included a 120-day earned credit deprivation and a credit class demotion from class II to class III. Such implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). There was also a six-month term of disciplinary segregation which has probably been served and does not implicate a liberty

interest under *Sandin v. Conner*, 515 U.S. 472 (1995). The necessary administrative appeals have been exhausted. There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

There is an issue with regard to alleged illegally amending. Certainly the collateral review that is envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997). Generally the so-called ADP is a species of state law. *See Hester v. Mc Bride*, 966 F.Supp. 765 (N.D. Ind. 1997).

**A. Relevant Facts**

On June 4, 2005, Correctional Officer Heinis prepared a conduct report charging Scruggs with committing a battery upon another with a weapon. (Ex. A). The conduct report was prepared based on a fight witnesses by Officer Heinis. (Ex. A). On June 7, 2005, Scruggs was notified of the charge against him. (Ex. D). At the screening, Scruggs pled not guilty, didn't request a lay advocate or physical evidence, and requested that three officers be called as witnesses. (Ex. D). The CAB hearing was held on June 10, 2005. (Ex. H). At the hearing Scruggs stated that he was not guilty. (Ex. H). The CAB found Scruggs guilty of the charge based on the conduct report, Scruggs's

2

statement, and the evidence from witnesses. The sanction imposed was a 120 day earned credit time loss, six months segregation, and a credit class demotion. (Ex. H). The finding of guilt, and the sanction, were upheld by the facility head and the final reviewing authority.

**B. Standard of Review**

As the loss of good time credit is a "liberty" interest protected by the Fourteenth Amendment to the Constitution, it triggers the applicability of *Wolff v. McDonnell*, 418 U.S. 539 (1974), and requires certain procedural steps as stated in that Supreme Court decision. Due process requires that Scruggs be given: (1) advance written notice of the charges against him at least twenty-four hours before the hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. *Henderson v. U.S. Parole Comm'n*, 13 F.3d 1073 (7th Cir. 1994) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-567 (1974)).

For the hearing to be meaningful, the prisoner should be afforded an opportunity to be heard before an impartial decision maker, *id.*, and the decision must be supported by "some evidence" in the record. *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985). The so-called "some evidence" standard applies in this circuit, as reflected in *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride*, 81 F.3d 717 (7th Cir. 1996).

This is a lenient standard, requiring no more than "a modicum of evidence."*Webb*, 224 F.3d at 652. Even evidence that can be characterized as meager is sufficient to support the revocation of

good-time credits so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id. citing Hill*, 472 U.S. at 457. "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* (*citing Hill*, 472 U.S. at 455–56).

## C. Discussion

Mr. Scruggs claims that the State violated his constitutional rights in four ways: (1) his due process rights were violated because the charge was illegally amended; (2) the CAB was not impartial; (3) the sanctions were illegally amended by a CAB member; and, (4) he was denied witnesses and evidence.

### *1. Amended Charge*

Mr. Scruggs alleges that his constitutional rights were violated because the institution illegally amended the original violation from a #212 Battery/fighting to a #102 Assault. It's clear from the record that Mr. Scruggs was notified at the screening on this charge that he was being charged with #102 committing battery upon another person. (Ex. D). That the segregation/confinement report notes the charge as a #212 is irrelevant once Mr. Scruggs was notified and screened on the #102 charge. Relief in this action is only available from violations of the federal constitution or laws, not prison rules. *Estelle v. McGuire*, 502 U.S. 62 (1991). State law questions under Indiana Department of Corrections policy do not state a claim for habeas relief and must be denied. *Hester v. McBride*, 966 F.Supp. 765 (N.D. Ind. 1997).

When a prisoner is subjected to the loss of good time credit, due process requires: (1) advance written notice of the charges against him at least 24 hours before the hearing; (2) an

4

opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 563-67; *Henderson* 13 F.3d at 1077. Mr. Scruggs had 24 hours notice of the charge of which he was found guilty. This claim is without merit.

*2. Impartiality of the CAB Chairman (Claims 2 and 3)*

Mr. Scruggs alleges that he was deprived of an impartial CAB hearing because CAB chairman Holbrook was aware that Mr. Scruggs had filed a previous petition for writ of habeas corpus. As a result, Mr. Scruggs alleges that Holbrook wouldn't grant a continuance, and illegally amended the sanctions.

It is clear that prisoners have a due process right to an impartial decision maker. *See e.g., Pannell v. McBride*, 306 F.3d 499, 502 (7th Cir. 2002); *Merritt v. De Los Santos*, 721 F.2d 598 (7th Cir. 1983); *Redding v. Fairman*, 717 F.2d 1105 (7th Cir. 1983). For example, in *Merritt* the court held that if an official is substantially involved in the investigation of the charges against an inmate, the due process requirement of impartiality mandates the disqualification of that official. "Tangential involvement" in the investigation, however, does not disqualify an officer from sitting on the adjustment committee. *Merritt*, 721 F.2d at 601.

In this case, Holbrook's involvement was not even tangential. Holbrook was the chairman of the CAB, but was not involved in the investigation of the charges against Mr. Scruggs. That Holbrook may have been the chairman on other CAB's does not establish that Holbrook was tangentially involved, nor that he had a direct personal involvement in these charges against Mr.

5

Scruggs. Chairman Holbrook indicates in his affidavit that Mr. Scruggs requested a continuance, not because he thought the CAB was not impartial, for additional witnesses. The request was denied because the three requested witnesses submitted written statements.

Mr. Scruggs further alleges that Holbrook amended the sanctions imposed by the CAB to include a demotion in credit class which was not imposed at the hearing. An affidavit submitted by Chairman Holbrook states that Mr. Scruggs was aware of all of the sanctions imposed by the CAB because they were read to Mr. Scruggs at the hearing, and Mr. Scruggs signed the hearing report. None of these allegations establish that Chairman Holbrook was not impartial.

### 3. Denial of Evidence and Witnesses

Mr. Scruggs alleges he was denied the right to present evidence and call witnesses at his CAB hearing. On the Notice of Disciplinary Hearing form (Exhibit D) Mr. Scruggs did not request any physical evidence, and indicated that by checking the box on the screening form which waived any physical evidence. In his petition, Mr. Scruggs alleges he was denied evidence because he was not allowed to present his walking case as evidence. The CAB noted on the Report of Disciplinary Hearing (Ex. H) that "per screening report-offender requested no evidence."

In *Piggie v. Cotton*, 344 F.3d 674, 677-78 (7th Cir.2003) the court stated, "...the rule of *Brady v. Maryland*, 373 U.S. 83 (1963), requiring the disclosure of material, exculpatory evidence, applies to prison disciplinary proceedings." *See also, Chavis v. Rowe*, 643 F.2d 1281, 1285-86 (7th Cir.1981). There are two functions of *Brady* in the prison disciplinary context. The first is to ensure that the disciplinary board considers all relevant evidence. The second is to enable the prisoner to present his best defense. *Piggie v. Cotton*, 344 F.3d at 678.

6

In this case, Mr. Scruggs argues that he was denied evidence, but does not explain how it was exculpatory or how the denial affected the out come of the hearing. The walking cane was not requested at the screening, nor did he request it at the hearing. Additionally, the cane was unnecessary for the CAB to determine guilty. Here, the CAB considered all relevant evidence, including statements from three officers. Mr. Scruggs was able to present his version of the incident. That he didn't have the walking cane at the hearing as evidence did not violate his due process rights. The CAB heard his argument that he was acting in self defense, and in light of the evidence it had before it, found Mr. Scruggs guilty of the charge.

Mr. Scruggs also alleges he was denied the right to call witnesses because the officers weren't live at the hearing to present their statements. Prisoner's have the right to call witnesses to testify on their behalf at CAB hearings when consistent with institutional safety and correctional goals. *Henderson*, 13 F.3d 1073 (citations omitted). However, that right is not an unlimited right. *See Sweeney v. Parke*, 113 F.3d 717, 719 (7th Cir. 1997). Prison officials have discretion to determine whether to have the witnesses present or to allow them to submit a written statement. However, the respondent fails to note that when witness testimony is in order it should be live unless prison officials have a valid reason for proceeding otherwise. *Piggie v. Cotton (Piggie I)*, 344 F.3d 674, 677 (7th Cir.2003).

In this case the record reflects that Mr. Scruggs did request three witnesses when he was screened, and that he did not request any physical evidence. (Ex. D). The three witnesses that Mr. Scruggs requested each submitted a written statement. (Ex. E, F, & G). Mr. Scruggs argues that the statement of Officer Rodgers was not credible because Mr. Scruggs didn't speak to Officer Rodgers after the incident. He also alleges that the testimony of the witnesses was watered down. In this case,

Mr. Scruggs was disciplined for committing battery. Officer Heinis witnessed the incident and prepared the conduct report. That Mr. Scruggs wasn't able to speak to Officer Rodgers before he prepared his witness statement is not relevant to the charge with was being heard at the CAB hearing. Because Mr. Scruggs has not shown that Officer Rodgers' testimony, or the testimony of the other witnesses would have been any different if given live, or that he was prejudiced by the absence of the live testimony, due process does not require their live testimony. Additionally, the CAB heard and considered Mr. Scruggs claim of self defense. That the CAB chose not to believe his defense is not a violation of due process. This claim is without merit.

CONCLUSION

For all the reasons stated, and because it is clear that none of Scruggs' constitutional rights have been violated, this petition for relief under 28 U.S.C. §2254 is DENIED.

SO ORDERED

DATED: May 31, 2006

                                                      S/ ALLEN SHARP
                                        ALLEN SHARP, JUDGE
                                        UNITED STATES DISTRICT COURT